C. H. FAGERSTROM v. CHARLES E. COTTON AND OTHERS.[1]

February 17, 1933.

No. 29,223.

*Charles A. Dalby,* for appellant.
*Child & Child,* for respondent.

HILTON, JUSTICE.

This is an appeal from an order made under G. S. 1923 (2 Mason, 1927) § 9283, in which a judgment was opened, new findings of fact and conclusions of law made, and judgment ordered declaring defendant's prior mortgage to be superior to plaintiff's after acquired mechanic's lien.

The above named section provides:

[1]Reported in 246 N. W. 884.

"The court * * * at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders, or proceedings, * * * and may supply any omission in any proceeding, or in the record, * * *."

The district judge (Salmon), who originally tried the case, died shortly thereafter. The application here was made to another judge of the same court (Montgomery). It was supported by numerous affidavits, none of which were controverted. The court found that one year had not elapsed after notice of the judgment; that the making of the previous decision was an inadvertent mistake by the deceased trial judge; that the proceedings clearly showed without dispute that the mortgage in question was superior to the lien of plaintiff; that good cause existed for correcting the mistake; and that the furtherance of justice demanded it.

Upon the record before us appellant is in no position to urge that the court committed error in modifying the judgment. There is no bill of exceptions or settled case. After the judgment was opened the parties had the right to offer evidence on the issue in dispute— the priority of the mortgage over the lien—unless it appeared that the failure so to find in the original judgment was a clerical mistake of the court. The record does not show that plaintiff offered any objection to proceeding before Judge Montgomery on the transcript of the evidence taken before Judge Salmon. Judge Montgomery made findings reciting that in such transcript it was admitted by plaintiff's attorney that defendant Cotton's mortgage "was recorded before the improvement of plaintiff began," and that the Cotton mortgage was recorded eight months and nineteen days before plaintiff furnished the first item for which the lien was claimed. As far as this record before us shows, the transcript mentioned was offered and received without objection, and may have fully justified or compelled the order and finding amending the judgment of November 24, 1930. Plaintiff, appellant, has the burden of making

a record which discloses error upon which an appeal can be predicated. This he has not done.

The order is affirmed.

STONE and OLSEN, Justices (concurring in the result).

DIBELL, Justice (dissenting).

I think the mistake of the trial court was a judicial one. It was subject to correction as such. If the judgment were opened, regularly or irregularly, and the case submitted to another judge upon the evidence taken on the original trial, or a new trial were had, the result would not be subject to objection. I do not see the record just as recited in the opinion, and therefore dissent.