**Benjamin LONGMAN, Appellant,**

v.

**Hugh GALLAGHER, et al.,
Respondents.**

**No. C9–85–1120.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

Mark D. Luther, St. Louis Park, for appellant.

Robert J. Alfton, City Atty., Gary J. Hjort, Asst. City Atty., Minneapolis, for respondents.

Heard, considered and decided by HUSPENI, P.J., and FOLEY and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a judgment dismissing appellant's independent action for relief from an order for judgment dated January 29, 1958. We affirm.

## FACTS

In 1942, appellant enlisted in the Air Corps Reserve on leave of absence from the Minneapolis Fire Department. He was discharged in 1945. In 1956, he applied for promotion to Minneapolis District Fire Chief. He claimed he was entitled to the position under veteran preference legislation. The Civil Service Commission informed appellant that his veteran status was in doubt and appointed a third party to the post. Appellant then petitioned the court by writ of mandamus to compel his promotion to district fire chief. The court denied the petition after a lengthy trial. In doing so, the court relied on appellant's discharge papers, which indicated no active service.

In 1982, upon petition by appellant, the military board of corrections changed his

records to "active military service" for the time spent at Randolph Air Force Base in 1943.

On September 10, 1982, appellant moved to amend the court's findings to conform to the decision of the military board. The court denied the motion. Appellant petitioned the Supreme Court for discretionary review which was denied on September 30, 1983. On April 21, 1983 and prior to the filing of the petition for review, appellant commenced the present independent action.

The court granted summary judgment against appellant on the basis of laches.

## ISSUE

Did the trial court err when it granted summary judgment in favor of respondent in appellant's independent action to reform a 1958 order for judgment?

## ANALYSIS

### I.

Plaintiff's attempt to maintain an independent action is specifically barred by Rule 60.02 of the Minnesota Rules of Civil Procedure. Minn.R.Civ.P. 60.02 reads in part as follows:

> * * * and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Plaintiff exercised his option to proceed by motion, which motion was denied and appealed to the Supreme Court. He should not now under the Rule be permitted to relitigate the same matter by an independent action.

### II.

Appellant is barred by laches in proceeding with an independent action. Appellant waited 24 years to correct his military record and then proceeded with this action. The trial court determined that such a delay is an unreasonable length of time and the doctrine of laches applies. We agree.

## DECISION

The trial court was correct in granting summary judgment.

Affirmed.