**WESTERN LAKE SUPERIOR SANITARY DISTRICT,**
Appellant,

v.

**INTERPACE CORPORATION, et al., GHA Lock Joint, Inc., Johnson Bros. Highway and Heavy Constructors, Inc., PRC Engineering, Inc., Respondents.**

No. C1–89–1301.

Court of Appeals of Minnesota.

April 24, 1990.

Harold A. Frederick, David R. Oberstar, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, for Western Lake Superior Sanitary Dist.

Thomas R. Thibodeau, Johnson, Killen, Thibodeau & Seiler, P.A., Duluth, G. Lee Garrett, Jr., Jones, Day, Reavis & Pogue, Atlanta, Ga., for Interpace Corp., et al., and GHA Lock Joint, Inc.

Thomas Tinkham, Scott A. Benson, Dorsey & Whitney, Minneapolis, for Johnson Bros. Highway and Heavy Constructors, Inc.

Gene W. Halverson, Eric Hylden, Halverson, Watters, Bye, Downs, Reyelts & Bateman, Ltd., Duluth, for PRC Engineering, Inc.

Considered and decided by LANSING, P.J., and KLAPHAKE and MULALLY,* JJ.

## OPINION

LANSING, Judge.

Appellant Western Lake Superior Sanitary District challenges the trial court's order denying its motion to set aside a stipulation for dismissal with prejudice. It argues the court abused its discretion in concluding a meritorious claim must be established before relief can be granted under Minn.R.Civ.P. 60.02.

## FACTS

Western Lake Superior Sanitary District (the District) was created to remedy serious problems of water pollution and disposal of sewage existing in the St. Louis River basin. Prior to the establishment of the District, each municipality in southern St. Louis and northern Carlton Counties had separate waste water treatment plants.

The District planned to construct a single plant to process the industrial, residential, and commercial waste water generated within the sewered areas of the District. Before this could be done, however, it was necessary to construct a system of interceptor sewer lines to carry the waste water to the District facility in Duluth. These lines were required to be in place and func-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

tional at or before the start-up of the facility. One of the longest interceptor sewer lines, extending from Cloquet to the Duluth treatment plant, was built in stages called divisions.

The District entered into an engineering contract with Consoer Townsend & Associates (CT & A)[1] on December 2, 1971, which required CT & A to engineer and design the entire waste water treatment facility, pumping stations, and interceptor sewer lines (referred to as the "Project").

On July 26, 1974, the District entered into a contract with respondent Johnson Bros. Highway and Heavy Constructors, Inc. to construct the Division C portion of the Project which was to incorporate 48–inch inside diameter prestressed concrete cylinder pipe.

On September 30, 1974, the District entered into a similar contract with Orfei & Sons, Inc. to construct the Division E segment of the Project which was to be comprised of 42–inch inside diameter prestressed concrete cylinder pipe. Johnson Bros. and Orfei & Sons separately contracted with respondent Interpace Corporation to engineer, design, test, and manufacture the pre-stressed concrete cylinder pipe.

Both the Division E portion of the Project, completed in September 1976, and the Division C portion, completed in November 1976, were accepted by the District. The completed interceptor sewer line, however, was not operational until November 1978.

The Division E pipeline experienced several breaks between December 1980 and August 1987. Sometime in November 1985, the District discovered that the pipe in Division E, designed and furnished by Interpace, did not conform to contract specifications.

Subsequently, an action relating solely to the Division E segment was commenced by landowners against the District. The District then commenced an action relating to Division E in July 1986, naming Orfei & Sons, Interpace, and CT & A as defendants.

In November 1987, the District commenced an action relating to Division C against CT & A, Johnson Bros., and Interpace. Although the District was not aware of any problems with Division C at that time, the similarities between the Division C and E pipe caused the District to become concerned about the existence of defects in the Division C segment.

The District hired two independent testing firms to determine whether the Division C pipeline was defective. After concluding the segment was in satisfactory condition, the District acknowledged it had no basis for the Division C lawsuit and the parties executed a stipulation of dismissal with prejudice in March 1988.

In February 1989, however, the 48–inch Division C concrete pipe failed in two spots. The District began an investigation into the cause of the breaks, but now alleges it does not know the exact cause. In light of the problems with the Division C pipe, the District moved the court to set aside the stipulation for dismissal. It requested that it be allowed a full two-year period from the discovery of the pipe failure to test the pipe and determine the nature of the defects in Division C and whether there is a basis for a lawsuit.

The trial court denied the District's motion, noting that the District did not satisfy the requirements for relief under Minn.R. Civ.P. 60.02.

## ISSUE

Did the trial court abuse its discretion in denying the District's motion to set aside its stipulation of dismissal with prejudice?

## ANALYSIS

An order denying a motion to set aside a stipulation for dismissal with prejudice is an appealable order. *Gould v. Johnson,* 379 N.W.2d 643, 646 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. Mar. 14, 1986). A stipulation for dismissal is presumptively valid, however, and may be vacated only in the most compelling circum-

1. CT & A's successor in interest is respondent PRC Engineering, Inc.

stances. *See Schoenfeld v. Buker*, 262 Minn. 122, 133, 114 N.W.2d 560, 568 (1962).

The District contends the trial court abused its discretion in concluding that the requirements of Minn.R.Civ.P. 60.02 must be met before relief can be granted and in failing to consider alternative bases for relief. In its motion to vacate the stipulation, the District argued it was entitled to relief under Rule 60.02(a) and (f) for its mistake of fact. The District also maintained it was entitled to relief under common law equity and contract principles.

Rule 60.02 provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect;
>
> *   *   *   *   *   *
>
> (f) Any other reason justifying relief from the operation of the judgment.
>
> The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken.

Minn.R.Civ.P. 60.02 (1989).

Although clause (f) is designed to cover unforeseen contingencies, it is exclusive of clauses (a) through (e) and not applicable if relief properly falls under another clause as it does in the present case. *See Sommers v. Thomas*, 251 Minn. 461, 467, 88 N.W.2d 191, 195 (1958). For the sake of argument, however, even if relief were available under clause (f), the District must first establish a meritorious claim. *See Simons v. Schiek's, Inc.*, 275 Minn. 132, 145 N.W.2d 548 (1966). The District admits it has not demonstrated a meritorious

claim but simply wants to vacate the stipulation to determine if a sufficient basis exists for commencing a lawsuit.[2]

In analyzing motions seeking relief from orders or judgments under Rule 60.-02, the supreme court has applied a four-part test. To qualify for relief, the moving party must show: (1) a reasonable claim on the merits; (2) a reasonable excuse for the failure or neglect to act; (3) action with due diligence after notice of entry of judgment; and (4) that no substantial prejudice will result to the other party. *See Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952); *see also Charson v. Temple Israel*, 419 N.W.2d 488, 491 (Minn.1988).

Contrary to the arguments made by the District, case law specifically provides that this four-part test is applicable in the present case and not limited only to default judgments. *See Charson*, 419 N.W.2d 488 (dismissal pursuant to Fourth Jud.Dist.R. 4.03); *Conley v. Downing*, 321 N.W.2d 36 (Minn.1982) (summary judgment); *Zetah v. Isaacs*, 428 N.W.2d 96 (Minn.Ct.App.1988) (mechanic's lien foreclosure sale order); *Gould*, 379 N.W.2d 643 (order denying motion to set aside stipulated settlement). In addition, a motion to set aside a stipulation of dismissal with prejudice is governed by Rule 60.02, even if the stipulation is not incorporated into an order or judgment. *See Gould*, 379 N.W.2d 643.

Finally, the District argues it is not limited to seeking relief under Rule 60.02 but may also seek relief based on common law principles. Although Rule 60.02 is not intended to preclude an independent action, this is an *alternative* basis for relief. *See Johnson v. St. Paul Insurance Co.*, 305 N.W.2d 571, 573 (Minn.1981); *Longman v. Gallagher*, 377 N.W.2d 77, 78 (Minn.Ct. App.1985). The District elected to proceed under Rule 60.02 and may not now recast their theories as an independent action.

---

**2.** The parties also dispute whether the action has been brought within the applicable limitations period. *See* Minn.Stat. § 541.051 (1988). The District and PRC Engineering requested that the trial court make its decision without reference to the statute of limitations. Because a resolution of this issue is not necessary to our decision and because the trial court did not consider it, we make no determination on that issue. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988).

*See Longman,* 377 N.W.2d at 78. The contract and equity arguments confederated into the Rule 60.02 motion are necessarily decided by the denial of that motion. To the extent there are separate considerations that might have formed the basis of an independent common law action, they were neither advanced nor considered by the trial court and are not appropriately reviewed on appeal. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988).

### DECISION

The trial court acted within its discretion in denying the District's motion to set aside the stipulation for dismissal.

Affirmed.