Ronald **KUBISZEWSKI**, Appellant,

v.

Michael **ST. JOHN**, et al., Defendants,

v.

**CITY OF PRIOR LAKE**, Intervenor, Respondent.

Nos. CX–92–2361, C7–93–58.

Court of Appeals of Minnesota.

April 13, 1993.

Review Granted June 28, 1993.

David G. Johnson, Prior Lake, for appellant.

Carol A. Kubic, Jeffrey J. Lindquist, Pustorino, Pederson, Tilton & Parrington, Edina, for respondent.

Robert J. McGuire, Cousineau, McGuire & Anderson, Minneapolis, for Michael St. John, et al.

Considered and decided by PARKER, P.J., and AMUNDSON and MULALLY,* JJ.

## OPINION

PARKER, Judge.

In these consolidated appeals, appellant Ronald Kubiszewski argues the trial court erred by denying his motion for relief from judgment under Minn.R.Civ.P. 60.02. In addition, Kubiszewski challenges the trial court's disbursement of settlement proceeds. We affirm.

## FACTS

On January 18, 1989, appellant Ronald Kubiszewski was working as a volunteer firefighter for the City of Prior Lake.

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

While he was fighting a fire at the Cleary Lake Park Reserve, Michael St. John, a park ranger, accidentally hit appellant with his truck. Kubiszewski sustained a mild lumbar strain to his back, but was able to return to his job as a machine operator on February 17, 1989.

On March 14, 1989, Kubiszewski was involved in a motor vehicle accident with defendant LuAnn Bond on County Road 27 in Savage. After this accident, he began experiencing radiating pain in his legs. He was diagnosed as having a herniated disc and on April 26, 1989, had lumbar laminectomy surgery.

Kubiszewski has a permanent partial disability as a result of the March 14 accident. He was unable to work from March 17, 1989, to April 1990. When he returned to work, he was physically unable to work as a machine operator and consequently was reassigned to work as a packer. His pay rate was reduced from $9.60 to $7 per hour.

The City of Prior Lake believed the laminectomy surgery and resulting disability were caused by the January 18 work-related accident. Consequently, the city had been paying Kubiszewski workers' compensation benefits since the January accident.

### 1. The Hennepin County Action

In June 1990 Kubiszewski commenced a third-party personal injury action against the Hennepin County Park Reserve and St. John for damages sustained in the January 18 accident. The city intervened and asserted its indemnity rights under Minn. Stat. § 176.061, subd. 10, against defendants. By this time, the city had paid more than $50,000 in workers' compensation benefits. The city's complaint in intervention noted:

> The City of Prior Lake has paid out approximately $43,675.42 in indemnity which includes wage loss and permanency and $15,369.83 in medical expenses and other expenses on behalf of Ronald Kubiszewski and will continue to pay benefits in the future in accordance with the Minnesota Workers' Compensation Act.

On July 11, 1991, Kubiszewski and the city each reached a settlement with the defendants. Defendants paid $70,000 to him and $50,000 to the city. Pursuant to a stipulation of dismissal executed by the parties, the trial court dismissed all claims and entered judgment on August 27, 1991.

The day after executing its release of claim, the city issued a notice of intention to discontinue workers' compensation benefits. The city alleged:

> Payments of workers' compensation benefits have been made under a mistake of fact since March 14, 1989. The non-work-related automobile accident of March 14, 1989 was a superseding, intervening cause of the employee's disability from and after that date. This has resulted in an overpayment of benefits.

In February 1992 the Office of Administrative Hearings issued an order finding the work-related accident of January 18, 1989, was not a substantial contributing factor to Kubiszewski's low-back condition. The compensation court granted the petition for discontinuance and ordered the city to discontinue benefits. There was no appeal from this decision.

In June 1992, Kubiszewski filed a motion in Hennepin County requesting relief under Minn.R.Civ.P. 60.02 from the August 27, 1991, judgment. In particular, he alleged the settlements negotiated between defendants, himself, and the city were made under material mistake of fact. He claimed he entered into the stipulation and agreed to the division of proceeds with the city only because he believed his workers' compensation benefits would continue. He asked the trial court to order the city to pay him the $50,000 it had received from the settlement. The trial court denied Kubiszewski's motion, concluding that his "claims fall far short of a mistake in fact" and further concluding there was no authority to modify the city's settlement with defendants. Appeal is from this order.

### 2. The Scott County Action

In July 1991, Kubiszewski commenced an action in Scott County for damages he sus-

tained as a result of the March 14 accident with LuAnn Bond. Again, the City of Prior Lake (the employer) intervened because it had not been fully compensated for its indemnity claim in the Hennepin County settlement. Kubiszewski settled his claim against Bond for $100,000 on October 27, 1992. As part of the settlement, Kubiszewski agreed to indemnify Bond against any action the city might bring to satisfy its indemnity claim. The trial court ordered Kubiszewski to deposit $16,000 with the court, which roughly covered the city's outstanding indemnity claim. Subsequently, the city brought a motion to disburse the proceeds, which the trial court granted in an order dated November 30, 1992. Appeal is from this order.

By motion, the city has requested that three documents be stricken from Kubiszewski's appendix to his reply brief because they are not part of the record on appeal. Pursuant to this court's orders in February 1993, the Hennepin and Scott County cases were consolidated for appeal and this court noted it would defer consideration on the city's motion to strike until the appeals were heard on the merits.

## ISSUES

I. Was it an abuse of discretion for the trial court to deny Kubiszewski's motion for relief under Minn.R.Civ.P. 60.02?

II. Did the trial court err by disbursing funds to the city in accordance with the city's indemnity rights?

III. Did Kubiszewski submit documents in the appendix to his reply brief which are outside the record on appeal?

## DISCUSSION

### I

A court may relieve a party from a final judgment for "[m]istake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02. In analyzing motions seeking relief under rule 60.02, the supreme court has adopted a four-part test. A party must show (1) a reasonable claim on the merits,

(2) a reasonable excuse for failure or neglect to act, (3) due diligence after notice of entry of judgment, and (4) that no substantial prejudice will result to the opponent. *Lund v. Pan Am. Mach. Sales*, 405 N.W.2d 550, 552 (Minn.App.1987) *citing Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). The right to be relieved of a judgment, however, is not absolute. Absent a clear abuse of discretion, a trial court's decision will be upheld. *Howard v. Frondell*, 387 N.W.2d 205, 207–08 (Minn.App.1986), *pet. for rev. denied* (Minn. July 31, 1986).

Kubiszewski argues he should be relieved from the August 27, 1991, judgment of dismissal because he entered into the settlement agreement under the mistaken belief that his workers' compensation coverage would continue. The trial court rejected Kubiszewski's argument, noting:

> The Court finds Plaintiff's claims fall far short of a mistake in fact. It appears that the Intervenor did pay compensation claims for a number of months after the settlement and its allegation in its pleading is only a statement that it would continue to pay benefits "in accordance with the Minnesota Workers' Compensation Act." That Act makes provision for review of benefit eligibility, and it was precisely in accordance with the Act that the benefits were discontinued.

> If future benefits were a factor in the settlement, Plaintiff could have protected himself by an appropriate agreement with the Intervenor as part of the settlement. Furthermore, the Court is satisfied that it has no right to order a partial modification of the settlement agreed upon, since the Intervenor has an independent right of action which it settled by the Stipulation of Settlement. That Stipulation is silent as to any future payments of compensation benefits.

Applying the four-part *Hinz* test, we conclude the trial court's decision was proper. First, Kubiszewski does not have a reasonable case on the merits. Specifically, his claim that Minn.Stat. § 176.179 (1990) limits the city's indemnification rights and re-

quires this court to award him the city's $50,000 settlement award is unconvincing.

■ In relevant part, Minn.Stat. § 176.-179 provides:

[N]o lump sum or weekly payment, or settlement, which is voluntarily paid to an injured employee * * * in apparent or seeming accordance with the provisions of this chapter by an employer or insurer * * * and received in good faith by the employee * * * shall be refunded to the paying employer or insurer in the event that it is subsequently determined that the payment was made under a mistake in fact or law by the employer or insurer. When the payments have been made to a person who is entitled to receive further payments of compensation for the same injury, the mistaken compensation may be taken as a full credit against future lump sum benefit entitlement and as a partial credit against future weekly benefits * * *.

■ Kubiszewski argues this provision allows the city to recover only against his *future* benefits. We believe Kubiszewski misconstrues the nature of Minn.Stat. § 176.179; this section addresses the rights of an employer who seeks to recover overpaid benefits from an *employee*. Consequently, it does not alter an employer's right of indemnity against a third party as provided in Minn.Stat. § 176.061, subd. 10. The city did not seek to recover the overpaid benefits *from Kubiszewski*. Instead, it merely asserted its own subrogation/indemnity rights against a third party pursuant to the statute. *See id.*

Moreover, Kubiszewski's claim of "surprise" by the termination of his benefits seems disingenuous in light of his failure to appeal the compensation court's decision to discontinue them. By not appealing the decision, he tacitly acknowledged he was not entitled to those benefits. We are unpersuaded by a complaint of not having anticipated the termination of benefits to which he was not entitled.

With respect to the second *Hinz* factor, we conclude that Kubiszewski lacks a reasonable excuse for his failure or neglect to act. As the trial court noted, he could have protected himself by an appropriate agreement as part of the settlement. His counsel certainly should have realized that an agreement which provided the city would "continue to pay benefits in the future in accordance with the Minnesota Workers' Compensation Act" did not ensure his client would always receive benefits. Careful drafting and a thorough reading of the settlement agreement could have eliminated this problem. We conclude Kubiszewski does not have a reasonable excuse for his mistake.

An analysis of both the third and fourth components of the *Hinz* test also supports the trial court's decision. Kubiszewski and the city both settled their claims on July 11, 1991, and pursuant to their stipulation of dismissal, the trial court dismissed all claims on August 27, 1991. On February 7, 1992, the Office of Administrative Hearings granted the city's motion to discontinue benefits. Four months later, Kubiszewski brought his rule 60.02 motion. Even assuming Kubiszewski "acted with due diligence after notice of entry of judgment," there would appear to be substantial prejudice to the city. Vacation of the judgment would render worthless a settlement agreement which the city worked hard to obtain. Because Kubiszewski ultimately seeks the $50,000 settlement for himself, the city would certainly be prejudiced.

A review of the four *Hinz* factors indicates Kubiszewski has a poor claim on the merits, lacks a reasonable justification for his mistake, and vacating the judgment would substantially prejudice the city. Since a stipulation for dismissal is presumptively valid and may be vacated only in the most compelling circumstances, it appears the trial court's decision was well within its discretion. *See Western Lake Superior Sanitary Dist. v. Interpace Corp.*, 454 N.W.2d 449, 451–52 (Minn.App. 1990).

**II**

Kubiszewski argues the trial court erred by not applying the division of proceeds formula provided for in Minn.Stat. § 176.-

061, subd. 6 (1990), to Kubiszewski's settlement with Bond. Instead of applying the subdivision 6 formula, the trial court simply awarded the city $15,155. This amount represents the difference between the total amount the city had spent on Kubiszewski's workers' compensation benefits and the $50,000 the city had previously recovered in the Hennepin County settlement. We believe the trial court correctly decided the subdivision 6 formula is inapplicable to this case.

Minn.Stat. § 176.061, subd. 6, provides that "the proceeds of all actions for damages or of a settlement of an action *under this section* * * * shall be divided" according to the subdivision 6 formula (emphasis added). We believe Kubiszewski's settlement with Bond does not constitute an "action under this section" as contemplated by the statute. The statute controls disposition of sums received in third-party actions for on-the-job injuries for which the employer's insurer paid workers' compensation benefits. In contrast, this was a settlement of an unconnected tort case. The March 14, 1989, accident and resulting surgery and disability were completely separate from Kubiszewski's employment. A workers' compensation judge determined his permanent injuries resulted from this latter accident and further determined the January 18, 1989, on-the-job accident did not contribute to his permanent disability. Accordingly, he was not entitled to much of the workers' compensation benefits he had received.

As part of this latter settlement, he contractually agreed to indemnify Bond against any claims brought by the City of Prior Lake regarding past or future workers' compensation benefits. We see no reason to impose the subdivision 6 formula on that contract. The parties were free to structure their settlement contract as they deemed appropriate. We therefore conclude the trial court correctly determined the subdivision 6 formula to have been inapplicable in this case.

## III

The city argues that three documents included in Kubiszewski's appendix to his reply brief are not part of the record on appeal. Specifically, the city contends these documents were never presented to the trial court and therefore are not properly before us. A review of the trial court file supports the city's position. These documents are not part of the trial court record and therefore must be disregarded by this court. *See Thiele v. Stich*, 425 N.W.2d 580, 582–83 (Minn.1988) (an appellate court may not base its decision on matters outside the record); *see also* Minn.R.Civ. App.P. 110.01 (the papers filed in the trial court, the exhibits and the transcripts of the proceedings, if any, shall constitute the record on appeal in all cases). Accordingly, we grant the city's request to strike the three documents from Kubiszewski's appendix to his reply brief.

## DECISION

It was not an abuse of discretion for the trial court to deny Kubiszewski's request for relief under Minn.R.Civ.P. 60.02. The trial court correctly determined the formula set forth in Minn.Stat. § 176.061, subd. 6, to be inapplicable to Kubiszewski's settlement with Bond. We grant the city's motion to strike documents from the appendix to Kubiszewski's reply brief because they were not part of the trial court record.

**Affirmed.**