Ronald KUBISZEWSKI, Petitioner Appellant,

v.

Michael ST. JOHN, et al., Defendants,

v.

CITY OF PRIOR LAKE, Intervenor, Respondent.

Nos. CX–92–2361, C7–93–58.

Supreme Court of Minnesota.

June 17, 1994.

David G. Johnson, Prior Lake, for appellant.

Carol A. Kubic, Jeffrey J. Lindquist, Pustorino, Pederson, Tilton & Parrington, Edina, for respondent.

Robert McGuire, Cousineau, McGuire & Anderson, Minneapolis, for non-responding defendant Michael St. John and Hennepin Cty. Reg. Park Dist.

Patrick H. Elliott, St. Paul, for non-responding defendant Lu Ann Katherine Bond.

## OPINION

WAHL, Justice.

This is a consolidated appeal of two tort actions brought by appellant Ronald Kubiszewski to recover damages for personal injuries suffered in a work-related accident in Hennepin County (*Kubiszewski v. St. John*, CX–92–2361) and in a non-work-related accident in Scott County (*Kubiszewski v. Bond*, C7–93–58). The City of Prior Lake intervened in both cases seeking indemnity for workers' compensation benefits it had paid after accepting liability for the work-related injury. The Hennepin County District Court and the Scott County District Court upheld the City's right to indemnity. The court of appeals affirmed both decisions. *Kubiszewski v. St. John*, 498 N.W.2d 490 (Minn.App. 1993). We reverse the decision in the Scott County case.

On January 18, 1989, appellant Ronald Kubiszewski was working as a volunteer firefighter for the City of Prior Lake (the City) on the Cleary Lake Park Reserve in Hennepin County when he was hit by a truck driven by Michael St. John, a Hennepin County Park Ranger, and sustained a mild lumbar strain. The City accepted liability for this injury and commenced payment of workers' compensation benefits, including wage loss compensation and medical expenses. Kubiszewski returned to his regular full-time job as a machine operator for Northland Aluminum Products, Inc. on February 17, 1989.

On March 14, 1989, less than a month after his return to work, Kubiszewski was involved in a non-work-related head-on collision in Scott County. Three days after this second accident, Kubiszewski began to have pain in his legs. He was diagnosed as having a herniated disc and had laminectomy surgery on April 26, 1989. As a result of the March 14 accident, Kubiszewski was left with a permanent partial disability. When he returned to work at Northland Aluminum, he could no longer perform the task of machine operator and was reassigned to a lower-paying job as a packer. Kubiszewski has been physically unable to return to volunteer firefighting and has been forced to limit the work he does with his part-time tree trimming business.

Initially, Kubiszewski did not inform the City of the non-work-related accident and continued to collect workers' compensation benefits. In all, the City paid $65,155 in benefits but the expenses incurred prior to the March 14 accident were less than $2,000.

In June 1990, Kubiszewski filed a third-party personal injury action in Hennepin County District Court against St. John and the Suburban Hennepin Regional Park District for damages sustained in the January 18 accident. The City intervened, asserting an indemnity interest under Minn.Stat. § 176.-061, subd. 10 (1992), in Kubiszewski's past and future workers' compensation benefits. The Hennepin County defendants settled with Kubiszewski for $70,000 and received a release from him on July 19, 1991. The defendants settled separately with the City for $50,000.

Thereafter, the City issued a notice of intention to discontinue workers' compensation benefits to Kubiszewski on the ground that all payments made after March 14, 1989 were made under a mistake of fact since the non-work-related accident on that date had been a superseding, intervening cause of the employee's disability. In February 1992, a compensation judge granted the City's petition, holding that the work-related accident was not a substantial contributing factor to Kubiszewski's disability. Kubiszewski did not appeal this decision, but filed a motion under Minn.R.Civ.P. 60.02 seeking relief from the Hennepin County settlement on the grounds that his agreement to settle was based on a material mistake of fact—namely, his reliance on the City's statement that it would continue to pay his future workers' compensation benefits "in accordance with the Minnesota Workers' Compensation Act." The trial court denied Kubiszewski's motion, finding that the City was not obliged to pay benefits for a non-work-related injury and concluding that Kubiszewski's "claims fall far short of mistake in fact." The court of appeals affirmed. 498 N.W.2d at 493–94.

On July 26, 1992, soon after settling with the Hennepin County defendants, Kubiszewski filed an action in Scott County District Court against Lu Ann Bond, the driver of the car in the non-work-related accident. The City again intervened, over Kubiszewski's objection, seeking indemnity for the $15,155 in benefits paid that had not been reimbursed in the Hennepin County settlement. On October 27, 1992, Kubiszewski settled with Bond for $100,000 and agreed to indemnify her against any action the City might bring to satisfy its indemnity claim.

The trial court ordered Kubiszewski to deposit $16,000 of the settlement proceeds with the court and on November 30, 1992 ordered $15,155 disbursed to the City without interest. Kubiszewski appealed, arguing that rather than awarding the City $15,155 the trial court should have divided the proceeds according to the formula set out in Minn.Stat. § 176.061, subd. 6. The court of appeals affirmed the district court decision as to the City's right of indemnity but held that the subdivision 6 formula did not apply. 498

N.W.2d at 495. The court of appeals, however, did not address the threshold question of whether the City had a right of indemnity against the tortfeasor in the non-work-related accident.

The Workers' Compensation Act (the Act) gives employers subrogation and indemnity rights against third-party tortfeasors when an injury, "for which [workers' compensation] benefits are payable occurs under circumstances which create a legal liability for damages on the part of a party other than the employer * * *." Minn.Stat. § 176.061, subd. 1. More specifically, Minn.Stat. § 176.061, subd. 7 gives the employer a separate cause of action against a third-party tortfeasor for medical expenses and "other compensation payable under" the Workers' Compensation Act and subdivision 10 provides "a right of indemnity for any compensation paid or payable pursuant to this chapter * * *."

The City relies on subdivision 7 and subdivision 10 to support its claim that it has an independent right of indemnity against third-party tortfeasor Lu Ann Bond. The trial court and the court of appeals recognized such a right to indemnity. Since Kubiszewski's settlement agreement with Bond provided that he would indemnify her against the City's claim, the court of appeals affirmed the award to the City of $15,155 from Kubiszewski's settlement proceeds. 498 N.W.2d at 495. We hold this to be error.

■ Section 176.061, according to its plain language, applies only when a workers' compensation carrier seeks indemnity for benefits paid pursuant to the Workers' Compensation Act. The City asserts that all of the benefits Kubiszewski received were paid pursuant to the Act because once the City commenced payment for the work-related injuries it was obligated to continue paying for the non-work-related injuries. This is not so. When Kubiszewski made a workers' compensation claim for his new injuries, the City could have investigated the claim and denied liability if the injury was "determined not to be within the scope and course of employment" or could have terminated benefits "upon the filing of a notice of denial of liability within 30 days of notice or knowledge."

Minn.Stat. § 176.221, subd. 1 (1992). Instead, the City continued to pay benefits even though the second accident was not work-related and therefore not compensable. *See* Minn.Stat. § 176.021, subd. 1 (1992). None of the benefits the City paid for injuries related to the second accident were paid "pursuant to the Act;" therefore, the provisions of the Act, including those giving an employer the right of indemnity, do not apply.

 Accordingly, we hold that Minn.Stat. § 176.061, subd. 7 and subd. 10 do not give the employer/insurer an independent right of indemnity against a tortfeasor for benefits mistakenly paid by the employer for a non-work-related injury. Contrary to the City's assertions, our holding will not place a burden on the workers' compensation system because the workers' compensation system is not obligated to pay for noncompensable injuries and thus should not incur any loss. With regard to the Scott County case, the question of whether the allocation formula provided in section 176.061, subd. 6 applies is moot. As to the Hennepin County case, the section 176.061, subd. 6 allocation formula does not apply where the employer independently settled its claim against the third party tortfeasor. *Folstad v. Eder*, 467 N.W.2d 608, 612 (Minn.1991).

Kubiszewski's argument that Minn. Stat. § 176.179 limits the City's indemnification rights is without merit. As the court of appeals correctly noted, this section addresses the rights of an employer who seeks to recover overpaid benefits from the employee not from a third-party tortfeasor. We reverse the decision of the court of appeals and the Scott County District Court in Case No. C7-93-58.

Kubiszewski also appeals the Rule 60.02 issue from the Hennepin County case. When the motion was before the district court, Kubiszewski argued that the mistake of fact entitling him to relief under Rule 60.02 was his belief that he would continue to receive workers' compensation benefits. This mistake, however, was unilateral and does not justify setting aside the settlement agreement. On appeal, Kubiszewski fashions an argument that connects his Rule 60.02 argument to his section 176.179 claim. He acknowledges, however, that if we reject his section 176.179 argument the district court's denial of the Rule 60.02 motion should stand. We affirm the decision of the court of appeals in the Hennepin County case, No. CX-92-2361.

Case No. CX-92-2361 (Hennepin County Case) affirmed; Case No. C7-93-58 (Scott County case) reversed.