In re the Marriage of Jeffrey Lee
HESTEKIN, petitioner,
Respondent,

v.

Tracy Kay HESTEKIN, Appellant.

No. C5–98–918.

Court of Appeals of Minnesota.

Dec. 29, 1998.

Steven A. Sicheneder, Tennis, Sicheneder and Collins, P.A., Forest Lake, for respondent.

Michael Ormond, Minneapolis, for appellant.

Considered and decided by CRIPPEN, Presiding Judge, WILLIS, Judge, and MULALLY,* Judge.

## OPINION

CRIPPEN, Judge.

Appellant questions the trial court's refusal to vacate a 1997 divorce judgment, contend-

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. Art. VI, § 10.

ing on appeal that evidence of a hurried stipulation and judgment compel reopening portions of the judgment concerning child care arrangements. Contradicting appellant's assertions of fact, the trial court found that respondent had not committed abusive acts that tainted the 1997 stipulation of the parties and judgment. There being no showing that this finding was clearly erroneous, we affirm the trial court's refusal to reopen the judgment. Appellant's appellate argument prompts our effort to clarify the already-established standards governing vacation motions.

## FACTS

The stipulation of the parties and the resulting divorce judgment provide, among other things, for joint physical custody of two young children, now ages 5 and 2. In addition, the documents provide that neither party will relocate to a place more than 30 miles from Wyoming, Minnesota, adding: "A change in residence beyond 30 miles will automatically terminate the joint custody arrangement and award custody to the other Party." [1] The judgment also mandates a mediation process to resolve any disputes of the parties on custody or visitation.

Four months after the judgment was entered, appellant moved that it be vacated, asserting that her approval of the stipulation was produced by respondent's duress and a history of his abusive behavior. The motion was submitted on contradicting affidavits and other supporting material. When denying the motion, the trial court found that there "does not appear to be abusive behavior on the part of [respondent]."

## ISSUE

Did the trial court err in refusing to vacate the divorce judgment?

1. Nothing said in this opinion should be seen as an interpretation, approval, or criticism of this clause in the judgment. The issue in the proceedings now reviewed is confined singularly to the lawful occurrence of a judgment containing this language.

## ANALYSIS

Unless they are clearly erroneous, we must affirm the trial court's findings of fact on the questions of whether or not the judgment was prompted by fraud, duress, or mistake. *Kornberg v. Kornberg*, 542 N.W.2d 379, 386 (Minn.1996). In the event the court finds circumstances that might permit vacating the judgment, its decision on the question of whether vacation is an appropriate remedy must be upheld in the absence of an abuse of the trial court's discretion. *Id.*

Relief from a judgment is governed by the provisions of Minn.Stat. § 518.145, subd. 2 (1996).[2] *Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn.1997). The statute elaborates only slightly on the historic standards of "mistake, fraud, or duress" that the supreme court has utilized when considering whether provisions of a divorce decree might be vacated. *See Steel v. Steel*, 305 Minn. 504, 505, 232 N.W.2d 104, 105 (1975). Courts have used these standards to vacate judgments due to improper advantage taken by one party over another, mutual mistakes, and certain other incidents of excusable mistakes or relief deemed just by the trial court. *See, e.g., Maranda v. Maranda*, 449 N.W.2d 158, 165–66 (Minn.1989) (fraud); *Lindsey v. Lindsey*, 388 N.W.2d 713, 716 (Minn.1986) (fraud in taking advantage of spouse's mental and emotional condition); *Simons v. Schiek's, Inc.*, 275 Minn. 132, 145 N.W.2d 548 (1966) (mutual mistake); *Thunderbird Motel Corp. v. County of Hennepin*, 289 Minn. 239, 183 N.W.2d 569 (1971) (excusable mistake or misunderstanding); *Fagerstrom v. Cotton*, 188 Minn. 245, 246, 246 N.W. 884, 885 (1933) (trial court determination in interests of justice). But vacation is not an appropriate remedy to deal with unanticipated consequences of a settlement or inexcusable mistake. *See, e.g., Kubiszewski v. St. John*, 518 N.W.2d 4 (Minn.1994) (unilateral expectation); *Gruenhagen v. Larson*, 310 Minn. 454, 246 N.W.2d 565 (1976) (inexcusable mistake); *Newman v. Fjelstad*, 271 Minn. 514, 519, 137 N.W.2d 181, 184–85 (1965) (unexpected consequences).

In this case, appellant rested her vacation petition on allegations that respondent had abused her in the past and put undue pressure on her in the brief time she had to consider a lengthy stipulation drafted by respondent's attorney. The trial court found as a matter of fact that respondent had not been abusive. This finding is supported by evidence of record and was reached by the trial court's determination on the credibility of affidavits. Appellant does not seriously question the finding on appeal, and it must be affirmed. *See Straus v. Straus*, 254 Minn. 234, 235, 94 N.W.2d 679, 680 (1959) (appellate courts defer to trial court resolution of factual issues presented by conflicting affidavits). It follows that the order must stand on appeal.

Appellant contends that we should scrutinize the practices of counsel and the trial court in the course of finalizing the stipulation and settlement, including (a) the signing of the stipulation two days after respondent initiated the divorce proceeding, with a default hearing 18 days later, (b) appellant's approval of the stipulation without the benefit of counsel, (c) the trial court's limited questioning of appellant about her understanding and acceptance of vital terms of the stipulation, the court having determined by two simple affirmative responses that she had read and understood the stipulation and was "fully informed" of its terms.[3]

Because of the vital issues addressed in divorce stipulations and judgments and the

---

**2.** In addition to relief that may be sought on a void or satisfied judgment, the statute lists three causes for relief that may be asserted with a reasonable time, not more than one year after entry of the judgment:

mistake, inadvertence, surprise, or excusable neglect;
newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under the rules of civil procedure, rule 59.03;

fraud, whether denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party.
Minn.Stat. § 518.145, subd. 2.

**3.** The court's second of two references to the stipulation referred to potential objections of appellant but suggested and received a confusing response: "(Question) Is there any objection that you have to any of this then, you've read the agreement and you understand it?" "(Answered) Yep."

possibility that the courts will accept stipulations without the necessary degree of investigation, we must further address this issue. In the past, we have indicated that good stipulation practice can support affirming a trial court's exercise of its discretion to refuse to vacate a judgment. *Tomscak v. Tomscak,* 352 N.W.2d 464, 466 (Minn.App. 1984). This use of evidence on good practice remains appropriate, unaffected by any subsequent cases.[4] Indeed, the value of thorough questioning of a party not represented by counsel, covering critical topics addressed by the stipulation, cannot be overstressed. But it is equally clear that indication of deficient practices, independent of facts showing mistake, fraud, or duress, or other grounds stated in Minn.Stat. § 518.145, subd. 2, does not serve to establish a basis for vacating a judgment. *See Shirk,* 561 N.W.2d at 522 (declaring that statute constitutes the sole basis for relief from a judgment); *Glorvigen v. Glorvigen,* 438 N.W.2d 692, 700 (Crippen, J., concurring specially) (observing that *Tomscak* factors are not determinative in the absence of a showing of mistake, fraud, or duress). Although appellant's criticism of the summary practices employed in this case appears justified, she has not shown cause for relief from the judgment.

Finally, we note appellant's special plea that error be recognized in the trial court's failure to vacate mandatory mediation provisions of the judgment, which are normally inappropriate in a case where spousal abuse is alleged. *See* Minn. R. Gen. Pract. 114.04 and 310.01 (precluding court-ordered mediation where one party claims to be the victim of domestic abuse). This clause, like others in the judgment, remains final following the trial court's determination that vacation is inappropriate under prevailing standards. Appellant did not raise this issue to the trial court, and we need not address it on appeal. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn. 1988). Moreover, the trial court's determination that no abuse occurred militates against vacating the mediation provision. *Cf. Me-*

*chtel v. Mechtel,* 528 N.W.2d 916, 919 (Minn. App.1995) (holding that issuance of a protective order or other probable cause of abuse precludes court ordered mediation).

### DECISION

Appellant has shown no clear error in the findings stated by the trial court to justify its refusal to vacate its original judgment.

Affirmed.

---

4. Similarly, appellate advice on the value of careful practice remains appropriate. *See Glorvigen v. Glorvigen,* 438 N.W.2d 692, 700 (Crippen, J., concurring specially) (observing high risk of injustice and avoidable litigation associated with practice that does not include either active role of counsel for each party or record that unrepresented party furnishes reasoned affirmation on all critical ingredients of stipulation).