ALBERT H. JORDAN v. BERTHA C. JORDAN.[1]

December 17, 1909.

Nos. 16,404, 16,405—(121, 122).

**Default of Garnishee — Abuse of Discretion.**

An order denying the garnishee's motion to be relieved from his default to appear and disclose at the time and place designated in the summons *held* not an abuse of discretion.

In an action for divorce in the district court for Blue Earth county judgment was entered granting the defendant a divorce and awarding her alimony in the sum of $750 and certain monthly payments for the support of her children. Thereafter defendant began garnishee proceedings upon the judgment against Albertus Jordan, father of the plaintiff. On the return day of the summons the garnishee appeared specially by attorney and objected to the jurisdiction of the court, the objection was overruled and subsequently judgment upon default was entered against him as stated in the third paragraph of the opinion. From an order, Pfau, J., denying his motion to set aside his default and the judgment entered against him, and to be allowed to disclose as garnishee, the garnishee appealed. Judgment and order affirmed.

*Benj. G. Reynolds, Dunn & Carlson* and *W. C. Borst,* for appellant.

*Harrison L. Schmitt, John W. Schmitt,* and *Samuel B. Wilson,* for respondent.

BROWN, J.

Defendant in this action, which was brought to sever the marriage relation existing between the parties, interposed by answer a cross-

[1]Reported in 123 N. W. 825.

complaint, demanding the annulment of the marriage on grounds alleged therein and for alimony for the support of herself and children. The trial resulted in judgment upon the cross-complaint, dissolving the marriage and awarding defendant alimony in the sum of $750 and certain amounts payable monthly for the support of the children. The judgment was entered on the ninth day of November, 1908.

Thereafter, on the twelfth day of November, 1908, defendant duly instituted garnishment proceedings, based upon the judgment, against appellant, Albertus Jordan, the father of the plaintiff, claiming that he had in his possession or under his control money or property belonging to plaintiff. The garnishee summons was returnable before the clerk of the district court on December 8, 1908. On that day the garnishee appeared by his attorney for the special purpose of interposing an objection to the jurisdiction of the court, based upon the ground that the summons had never been properly served upon him. A copy of the summons was served by the sheriff in proper time; but it did not bear the signature of the attorney of defendant, and was not indorsed by him. The sheriff, in copying the same from the original, had failed to fill in the blank spaces with the attorney's name. At this hearing the garnishee was not present and did not disclose. After interposing the objection to the service of the summons, his counsel withdrew and took no further part in the proceedings.

Thereafter counsel for the defendant moved the court, upon proper notice, for judgment against the garnishee for his default to appear and disclose as required by the summons. The garnishee appeared and opposed the motion; but the court granted it on January 5, 1909. Thereafter, on February 27, 1909, the garnishee appeared generally in the action and moved the court, on written notice, "that the default of the said garnishee, Albertus Jordan, in not appearing in said proceeding and making disclosure be excused, and said default and the order for judgment thereon * * * be set aside, vacated, and that said Albertus Jordan, garnishee, be allowed and permitted to disclose at such time and place as this court may fix and determine." Accompanying the motion was an affidavit excusing the default, and,

among other things, a statement that at the time the garnishee summons was served upon him he was not indebted and had no money or property in his hands belonging to plaintiff. The motion was denied, and judgment was subsequently entered against the garnishee. The garnishee thereafter appealed, both from the judgment and from the order denying his motion for relief.

The only question presented by the record is whether the trial court abused its discretion in denying the garnishee's motion to be relieved from his default to appear and make disclosure at the time fixed by the garnishee summons. We need not stop to inquire whether the service of the summons upon the garnishee was, or was not, defective. If defective and insufficient to give the court jurisdiction over his person, the defect was waived by his general appearance on the motion for relief. He thereby submitted to the jurisdiction of the court, and cannot be heard to question the sufficiency of the process by which he was brought into court.

Upon the question whether the court abused its discretion in denying the motion for relief, we find from the record before us no valid reason for reversing the action of the court below. The record returned by appellant, which was incomplete, together with that caused to be brought up by respondent (properly so under rule 3), presents evidence from which the court below might have found that the garnishee has in fact property in his hands belonging to his son, and that his proceedings herein were purely dilatory, and in a measure to assist the son in covering his property to avoid responding to his wife's claim for alimony. At any rate, all the facts disclosed by the record, as well as the parties to the action, were before the court below, and the learned judge thereof was in better position to determine the merits and good faith of the application for relief, and, within the rule guiding this court in such matters, we find no sufficient reason for interfering.

The suggestion of counsel for appellant that he was entitled to the relief asked for as a matter of right is not sound. It was a matter purely in the discretion of the court below.

Judgment and order affirmed.