## JOHN HASARA v. D. L. SWANEY.[1]

November 28, 1924.

No. 24,267.

**Refusal to open default of defendant was an abuse of discretion.**

A replevin action was commenced November 19, 1923. Defendant immediately rebonded the property. Through no fault of his own, but solely on account of the oversight of his attorney, no answer was interposed and on January 14, 1924, a judgment was entered by default for the recovery from defendant of the value of the property plus substantial damages for its retention. Two days thereafter, a motion was made to vacate the judgment and for leave to defendant to interpose an answer. Defendant himself had been diligent and it appears he may have a defense. *Held*, under the circumstances of this case, that the refusal to open the default was an abuse of discretion.

Action in the district court for Jackson county to recover possession of certain property or $1,650, the value thereof, and $200 for its retention. The case was heard by Dean, J., who ordered judgment by default in favor of plaintiff for the amount demanded. From an order denying his motion to vacate the judgment and for leave to answer, defendant appealed. Reversed and remanded.

*O. Thoreson*, for appellant.

*F. B. Kalash*, for respondent.

STONE, J.

Replevin for certain live stock and some farm implements, the plaintiff claiming as a chattel mortgagee. The summons was served November 19, 1923, and the property taken under the writ. Within three or four days defendant rebonded. The property was returned to him and he remains in its possession. The time for answering expired, but no answer or demurrer was served. On January 14, 1924, without notice, a default judgment was entered against de-

[1]Reported in 200 N. W. 847.

fendant for $1,650, the supposed value of the property, plus $200 as damages for its retention, and the costs and disbursements of the action. Two days thereafter, defendant moved for a vacation of the judgment and for leave to answer. That motion was denied and this appeal followed.

Counsel for defendant, with commendable candor, acknowledges his fault in the matter and assumes full responsibility for the default, attributing it to his preoccupation with other matters, the confusion of this action with others involving the same property and parties, and a resulting assumption, wholly unfounded, that the answer in this case had been attended to.

Defendant himself was in nowise to blame. He employed counsel very promptly and saw to it that the property was rebonded, for that purpose furnishing a surety bond in double its value. He insists, with apparent good faith, that he has a complete defense. There is the usual affidavit of merits. Although the proffered answer is but a general denial, it is averred that behind it there lies a charge that the chattel mortgages under which plaintiff claims are fraudulent devices for the benefit of the mortgagor, a son of plaintiff.

It is clearly a case, so far as concerns defendant himself, where the negligence of his attorney, however inexcusable if the latter alone were involved, should not be imputed to the client. "Negligence of an attorney often forms an excellent basis for relief." White v. Gurney, 92 Minn. 271, 99 N. W. 889, following Hildebrandt v. Robbecke, 20 Minn. 83 (100).

The attorneys in the case have offices on the same floor, and counsel for plaintiff must have known after the property was rebonded that defendant's attorney was a next door neighbor. Under such circumstances, the entry of judgment without notice is difficult of justification. There would have been little delay and no resulting damage to plaintiff if the judgment had been vacated and defendant permitted to answer. Plaintiff is fully protected by an adequate bond. We cannot escape the conclusion that the denial of defendant's motion was an abuse of discretion. The rule seems to have been overlooked that "it is the duty of the courts to relieve a party

from default, if he furnishes any reasonable excuse for his neglect and shows a defense of fair merit, no substantial prejudice appearing to the other side from the delay." Dr. Shoop Family Medicine Co. v. Oppliger, 124 Minn. 535, 144 N. W. 743.

The order appealed from is reversed and the case remanded with direction to vacate the judgment and for an order, upon proper terms, permitting defendant to appear and answer.

So ordered.