HUGH MEEHAN v. MITCHELL BATTERY COMPANY AND ANOTHER.[1]

April 20, 1934.

Nos. 29,829, 29,878.

[1]Reported in 254 N. W. 584.

*Humphrey Barton,* for Hugh Meehan.
*Trafford N. Jayne,* for Mitchell Battery Company.

*STONE, Justice.*

John L. Meehan, a bachelor, while in employ of Mitchell Battery Company, received injuries which caused his death March 28, 1930. His father, Hugh Meehan, claimed compensation under the workmen's compensation act as a dependent and was awarded compensation at the rate of eight dollars per week for 300 weeks.

The employer turned its notice of the petition for compensation over to its insurer, the Midwest Mutual Insurance Company, and took no part in the proceedings. The insurer failing to make payments on the award, a default judgment was procured November 14, 1932 (under 1 Mason Minn. St. 1927, § 4318), for $1,099.55. This judgment was paid by the insurer. Thereafter it paid an additional $48. Then, the insurer having become insolvent and a receiver having been appointed, demand was made on the employer, which, June 16, 1933, paid an additional $192 under protest and started an investigation of the facts on which the award was based.

August 30, 1933, the employer moved to vacate the judgment on the grounds of mistake and excusable neglect under 2 Mason Minn. St. 1927, § 9283. From the order granting that motion petitioner, Hugh Meehan, appeals.

August 30, 1933, the employer also petitioned the industrial commission for a rehearing. That petition denied, the employer brings it here for review by *certiorari.* These questions presented by the appeal and writ will be disposed of by one decision.

■ Disposing first of the appeal from the order granting the motion to vacate the judgment in the district court, it seems clear that a case for relief was made under the statute. 2 Mason Minn. St. 1927, § 9283. Thereunder relief may be granted for the "excusable neglect" of the party asking it. Employers procure and pay for compensation insurance in order to be relieved not only from the obligation to pay compensation but also to escape the

burden of defending against petitions therefor when defense is indicated. Hence in this case the neglect of the employer in leaving the whole matter to its insurer was excusable. Having done so and judgment having been entered because of default of the insurer, it was plainly within the discretion of the trial court to vacate the judgment in order to give the employer the opportunity, to which it was equitably entitled, to apply to the industrial commission to have the whole matter reopened. By putting our holding upon the ground of "excusable neglect" we do not mean to say that it is not also a case for relief upon the ground of "inadvertence" or "surprise" under the statute.

■ The original award was based upon a finding that "for a reasonable period of time prior to his death" the son was contributing to the support of his father, the petitioner, as "partial dependent," the sum of ten dollars per week. The testimony for petitioner supporting that conclusion was unopposed. The affidavits in support of the employer's petition for rehearing, if true, indicate quite plainly that in important details the testimony in support of the award was untrue, particularly as to the extent of the contributions by the son for the support of his father. Under the statute, 1 Mason Minn. St. 1927, § 4275(19), the compensation awarded to partial dependents shall not exceed "the full amount of their income loss." If the affidavits in support of the petition are true, there is serious question even as to the fact of dependency. And it is very doubtful that, if there were any dependency, the son's contributions were anywhere near eight dollars per week.

The employer having ample excuse for not having participated in the original proceeding, the testimony then adduced by the petitioner being unopposed and now being brought into serious question by the petition for a rehearing and the supporting affidavits, we have come to the conclusion, regretfully, that it was an abuse of discretion not to grant the petitioner the rehearing petitioned for.

On the appeal the order is affirmed. The order denying the petition for rehearing is reversed.