## BERNARD J. KENNEDY v. MAX TORODOR AND ANOTHER.[1]

December 17, 1937.

No. 31,461.

*Louis Sachs,* for appellants.
*Joseph Cleary,* for respondent.

PETERSON, JUSTICE.

Defendants appeal from orders denying their application to vacate findings and orders for judgment by default in favor of plaintiff against defendants, upon the ground of excusable neglect. Plaintiff sued defendants in the municipal court of Minneapolis for $500, the claimed reasonable value of services rendered in negotiating a compromise and settlement of certain lien claims against property which defendants purchased. The answer was a general denial, and the case was noticed for trial. The clerk sent to the attorneys for the parties postal cards notifying them that the case was set for trial on February 25, 1937. Defendants intrusted the matter entirely to their attorney, whom they believed was attending to the matter. The attorney, upon receipt of the postal card notice from the clerk, which is similar in form and substance to postal card notices sent out by the clerk of the district court of Hennepin county, made the mistake of thinking that the card was sent to him by the clerk of the district court of Hennepin county and not by the clerk of the municipal court of Minneapolis. Because of similarity in make-up and appearance of the postal cards, such a mistake

[1]Reported in 276 N. W. 650.

might be made by one examining it only as to the title of a cause and the date of trial. The attorney called the clerk of the district court in charge of the calendar and told him to mark the case ready for trial on the date mentioned. The clerk said that he would check it and so mark it. Plaintiff's attorney had the case marked for trial in municipal court, and when defendants did not appear at the call of the case for trial, plaintiff's attorney stated that it was to be tried as a default. Thereupon there was a trial as a default and findings and order for judgment entered in favor of plaintiff against defendants on March 5, 1937. Judgment has not been entered. Plaintiff and his attorney knew that defendants intended to try the case. On February 25, 1937, there was a conversation between plaintiff's and defendants' attorneys in which the matter of settlement was mentioned but no progress toward settlement made. On February 25, 1937, the defendant Torodor talked to plaintiff and tried to settle the case. Plaintiff, in an affidavit used on the second application to vacate, states that he told Torodor on February 26, 1937, that he was in default because his attorney was not in court. Defendants relied upon their attorney to attend to the matter. It was not necessary for the attorney to be there if he had arranged with the clerk to be present for the trial. Three days after the order by default was entered defendants moved to vacate the same and to be relieved of their default because of their attorney's mistake. The motion was denied upon the grounds that sufficient excuse was not shown for the default.

The court has the power, under 2 Mason Minn. St. 1927, § 9283, in its discretion, to relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, or excusable neglect. Where the default is that of the attorney, it is the client, not the attorney, who suffers if the default is not vacated. It is fairly well established that courts will relieve clients from the consequences of their attorneys' neglect when it can be done without substantial prejudice to the party affected. Hasara v. Swaney, 161 Minn. 94, 200 N. W. 847; Unowsky v. Show, 161 Minn. 489, 201 N. W. 936; In re Estate of Walker, 183 Minn. 325, 236 N. W. 485. In Meehan v. Mitchell Battery Co. 191 Minn. 411,

254 N. W. 584, a case somewhat akin in principle, an employer was relieved of his default in failing to defend upon the grounds of excusable neglect because he relied on an insurer to defend for him. No prejudice would result to plaintiff in this case if the default were vacated, except a short delay.

Relief from defaults is almost entirely in the sound discretion of the trial court, and this court will reverse only in cases in which it appears that there has been an abuse of such discretion. That there was such abuse of discretion in this case is settled by our decision in Hasara v. Swaney, 161 Minn. 94, 200 N. W. 847, in which this court reversed for the refusal of a trial court to vacate defendant's default in failing to answer and to permit him to answer. The default in that case as in this occurred through the inadvertence or neglect of the attorney. In that case the attorney attributed the default to his preoccupation with other matters, the confusion of this action with others involving the same property and parties, and a resulting assumption, *wholly unfounded,* that the answer in the case had been attended to. We held that under such circumstances the entry of judgment without notice is difficult of justification where the only result of vacating the judgment would be a little delay and no resulting damage.

In this case defendants can be relieved from the default without any substantial prejudice to plaintiff. It is our opinion that the court below abused its discretion in failing to vacate the default.

Reversed.