# OSCAR H. HINZ v. NORTHLAND MILK & ICE CREAM COMPANY.[1]

May 16, 1952.

No. 35,768.

[1]Reported in 53 N. W. (2d) 454.

*Robb, Robb & Van Eps* and *William M. Robb*, for appellant.
*Gordon E. Simons*, for respondent.

MATSON, JUSTICE.

Appeal from an order denying defendant's motion to open a default judgment.

Plaintiff brought an action in the Minneapolis municipal court to recover damages for the negligent killing of his Chesapeake dog by one of defendant's trucks. The summons and complaint, which were served on December 17, 1951, were forwarded by defendant to its insurer on December 20, 1951. The insurer mislaid the papers, with the result that they were not forwarded to the attorneys for answering until December 29, 1951, when defendant was already in default.

On December 29, plaintiff filed an affidavit of "No Answer," and the matter was set for hearing on January 2, 1952. On the morning of January 2, defendant's attorney requested plaintiff's attorney for an extension of time to answer, but this request was refused and default judgment was entered on that date. On January 2, defendant served an unverified answer on plaintiff but did not appear at the default hearing.

On January 3, defendant obtained and served an order to show cause—accompanied by a notice of motion—why the judgment should not be opened and why the answer served the day before should not be permitted to stand. Upon the denial of this motion and the discharge of the order to show cause, defendant appeals.

■ Did the trial court abuse its judicial discretion in denying defendant's motion? M. S. A. 544.32 provides:

"The court, *in its discretion,* may likewise permit an answer or reply to be made, or other act to be done, after the time limited therefor by this chapter, or by its order may enlarge such time; or at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment, order, or other pro-

ceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; * * *." (Italics supplied.)

In the exercise of a sound judicial discretion, under § 544.32, it is the duty of the trial court, *in furthering justice by adopting a liberal policy* [2] *conducive to the trial of causes on their merits,* to grant a motion to open a default judgment and permit a party to answer, if the party in default shows that he (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party.[3]

Although, in support of a motion to open a default judgment, an adequate showing of a bona fide defense, justification for not answering, reasonable diligence, and of the absence of prejudice to the other side, may in certain instances be made upon a verified answer alone as supplemented by the entire file, it may also be fortified by, or made solely on an affidavit executed by defendant or by some other person, such as defendant's attorney,[4] who is possessed of a personal knowledge of the facts.[5]

Here, we have the affidavit of defendant's attorney, which adequately sets forth that through investigation he has acquired the requisite personal knowledge of the facts. By this affidavit it appears, as already stated, that defendant, with reasonable promptness, delivered the summons and complaint to its insurer, which inadvertently mislaid the papers so that they were not forwarded to the attorney for the preparation of an answer until two days after the time for answering had expired, or on December 29, the

[2]Rodgers v. United States & Dom. L. Ins. Co. 127 Minn. 435, 149 N. W. 671; 3 Dunnell, Dig. & Supp. § 5013.

[3]Rodgers v. United States & Dom. L. Ins. Co. *supra;* Dr. Shoop Family Medicine Co. v. Oppliger, 124 Minn. 535, 144 N. W. 743; Hasara v. Swaney, 161 Minn. 94, 200 N. W. 847; 3 Dunnell, Dig. & Supp. §§ 5012, 5013, 5015, 5019, 5020, 5021.

[4]3 Dunnell, Dig. & Supp. § 5020.

[5]Frankoviz v. Smith, 35 Minn. 278, 28 N. W. 508; Rodgers v. United States & Dom. L. Ins. Co. *supra;* 3 Dunnell, Dig. § 5020.

Saturday preceding New Year's Day. By reason of the holidays, defendant's attorney neglected to interpose an answer or to communicate with plaintiff's attorney by telephone or otherwise, prior to the reopening of business on January 2, the day on which plaintiff's action came on for hearing as a default matter. Plaintiff's attorney on January 2 refused to grant an extension of time to answer on the ground that his client and witnesses were already on the way to the hearing and that it was too late to intercept them. Immediately after the default hearing, judgment for $250 was entered in plaintiff's favor. The files show that defendant's motion to open the judgment, accompanied by an order to show cause, was served on January 3. Defendant's attorney, by his affidavit, certified that defendant has a good defense on the merits.

 Where a defendant with reasonable promptness delivers the summons and complaint to its insurer which by contract is obligated to defend the suit, the negligence of the insurer in failing to forward the papers to the attorney for answering until shortly after the time for answering has expired is not to be imputed to defendant so as to bar the opening of a default judgment where, in the exercise of a sound judicial discretion, it appears that defendant after receiving notice acted with diligence, has a defense on the merits, and where, as here, no substantial prejudice will result to plaintiff. Meehan v. Mitchell Battery Co. 191 Minn. 411, 254 N. W. 584. Likewise, a defendant possessed of a good defense on the merits will, as a matter of sound judicial discretion, be relieved from a default judgment entered because of the mistake or negligence of his lawyer, if he acts with diligence, and no substantial prejudice will result to the other party.[6]

In the instant case, the neglect of the attorney was secondary, and in the light of the intervening holidays caused no material delay. Within 24 hours after the hasty entry of default judgment,

[6]Kennedy v. Torodor, 201 Minn. 422, 276 N. W. 650; In re Estate of Walker, 183 Minn. 325, 236 N. W. 485; 3 Dunnell, Dig. & Supp. § 5025.

defendant took proper action to have the judgment opened. The discretionary power of the court to open a default judgment is not to be extended so as to encourage loose practice or be so limited as to make orderly procedure an end in itself rather than a means by which justice is administered.[7] Although justice delayed is justice denied, promptness in the dispatch of causes is not, for the sake of saving a few hours or even a few days, to be pushed with a zeal which does little more than put a premium on the efforts of one litigant to beat another to the draw and thus avoid a trial on the merits.

An appellate court is reluctant to interfere with the exercise by the trial court of its discretion in the opening of judgments; but in this case, taking all the circumstances into consideration, it is clearly our duty to order a reversal.

The order of the trial court is reversed.

Reversed.

[7]High v. Supreme Lodge, 207 Minn. 228, 290 N. W. 425; 3 Dunnell, Dig. & Supp. §§ 5009 to 5014.