*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1690**

Ride Auto Company, judgment creditor,
Appellant,

vs.

Luis Silva Ibanez,
Judgment Debtor,

Johnny's LLC, et al., garnishees,
Respondents.

**Filed July 27, 2015
Affirmed
Klaphake, Judge**[*]

Dakota County District Court
File No. 19HA-CV-11-5531

Robert J. Bruno, Robert J. Bruno, Ltd., Burnsville, Minnesota, (for appellant)

Matthew J. Schaap, Robert B. Bauer, Dougherty, Molenda, Solfest, Hills & Bauer, P.A., Apple Valley, Minnesota (for respondents)

Considered and decided by Bjorkman, Presiding Judge; Stauber, Judge; and Klaphake, Judge.

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Ride Auto Company challenges the district court's decision to deny its default judgment motion and to dismiss respondents John Quevedo and Johnny's LLC from the case. We affirm.

## DECISION

Garnishment procedures are governed by statute. Minn. Stat. §§ 571.71-.932 (2014); *see also Savig v. First Nat'l Bank of Omaha*, 781 N.W.2d 335, 338 (Minn. 2010). The garnishment statute provides that the district court "may render judgment against the garnishee, upon motion by the creditor," if the garnishee "fails to serve a disclosure as required in this chapter." Minn. Stat. § 571.82, subd. 1. The statute also provides that the district court "upon good cause shown may remove the default and permit the garnishee to disclose on just terms." *Id.*

"A garnishee should not become indebted to the plaintiff unless every proper procedural step is taken to protect its interests, and the entry of judgment against it must be strictly construed." *Lyon Dev. Corp. v. Ricke's, Inc.*, 296 Minn. 75, 85, 207 N.W.2d 273, 279 (1973). We will reverse a district court's decision to grant or deny entry of judgment when its "reasons are based on facts not supported by the record." *Northland Temporaries, Inc. v. Turpin*, 744 N.W.2d 398, 402-03 (Minn. App. 2008), *review denied* (Minn. Apr. 29, 2008).

A motion to remove a default judgment should be granted when the party in default demonstrates "a reasonable defense on the merits; . . . a reasonable excuse for [its]

2

failure [or neglect] to answer; [when it] acted with due diligence after notice of the [entry of judgment]; and no substantial prejudice will result to [the] other part[y]." *Thayer v. Am. Fin. Advisors, Inc.*, 322 N.W.2d 599, 601 (Minn. 1982); *see also Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). The district court may also consider the *Thayer* factors in determining whether to deny a motion for default judgment. *Black v. Rimmer*, 700 N.W.2d 521, 526 (Minn. App. 2005), *review dismissed* (Minn. Sept. 28, 2005). The *Thayer* factors "limit the district court's discretion to deny relief" because when all four factors are present, the court must grant relief. *Turpin*, 744 N.W.2d at 406. The decision whether to enter default judgment against a garnishee is within a district court's discretion, and we will not reverse absent an abuse of discretion. *Jordan v. Jordan*, 109 Minn. 299, 301, 123 N.W. 825, 826 (1909); *Black*, 700 N.W.2d at 525.

Appellant Ride Auto Company (Ride Auto), a judgment creditor, served respondents John Quevedo and Johnny's LLC (Johnny's) with a garnishment summons believing that Johnny's employed its debtor, Luis Ibanez. During a telephone call, Quevedo told Ride Auto's attorney that Ibanez rented space from, but was not an employee of, Johnny's. Gonzalo Quevedo, a co-owner of Johnny's, also verified this information in a letter sent to Ride Auto. Because neither John Quevedo nor Johnny's filed the disclosures required by statute, Ride Auto moved for default judgment.

All parties were present at the default judgment hearing. The district court stayed entry of a default judgment and continued the matter for one week to allow Ride Auto

3

and Ibanez to settle their dispute, and for respondents to file the necessary disclosures and obtain an attorney.

At the second hearing a week later, respondents appeared with an attorney, but they had not yet filed the necessary disclosures, and Ride Auto had been unable to settle with Ibanez. The district court permitted respondents to file the necessary disclosures by 5 p.m. that day, which they did. The district court ultimately denied Ride Auto's default judgment motion and dismissed respondents from the case, addressing each of the *Thayer* factors.

Ride Auto now argues that the district court erred by concluding that there was good cause to remove the default judgment, again addressing the *Thayer* factors. As to the first factor, Ride Auto argues that there is "a weak showing" that respondents have a defense on the merits. The district court noted that respondents sent Ride Auto a letter stating that they were not Ibanez's employer, made oral representations to this effect when speaking with Ride Auto's attorney, and fully disclosed that they did not employ or owe money to Ibanez in their disclosures and affidavits. This evidence demonstrates a defense on the merits.

The district court also concluded that respondents met the second *Thayer* factor because they had "a reasonable excuse" for failing to submit two separate answers: they represented the same entity, Johnny's, which was "not financially related" to Ibanez. Ride Auto asserts that "at the time the default was removed" there was no showing of a reasonable excuse, arguing that the default was removed at the second default judgment hearing and that Gonzalo Quevedo's letter did not meet the requirements of proper

4

affidavits and disclosures. We agree with the district court's determination that John Quevedo's failure to file separate answers was reasonably excused because he believed the letter his co-owner and father sent to Ride Auto on behalf of Johnny's was sufficient. We reject Ride Auto's argument that John Quevedo and Johnny's should have been required to strictly follow all procedural and statutory rules and decline to interpret *Thayer* and its progeny to limit the district court's common-sense application of its discretion.

In discussing the third factor, whether respondents demonstrated due diligence after notice of entry of judgment, the district court concluded that respondents "acted with due diligence . . . because [they were] informed of the seriousness of the claims against [them and] immediately took action."[1] The parties' disclosures and affidavits, which were submitted the same day that respondents retained counsel, provided evidence that they acted with due diligence. Ride Auto argues the record does not show that respondents "immediately took action" because the disclosures were due before the default judgment hearing, and respondents appeared for two hearings before filing the disclosures. But given the overall timeliness of respondents' actions, we agree with the district court's conclusion that respondents "immediately took action" by retaining an attorney and filing the necessary affidavits and disclosures.

---

[1] In *Black*, the debtor argued that the district court abused its discretion both in entering default judgment and in refusing to vacate the default judgment. 700 N.W.2d at 524. We concluded that "our analysis of the four [*Thayer*] factors . . . [for] reviewing the district court's granting of the default judgments will be the same analysis that we will make in reviewing the [district] court's denial" of a motion to vacate a judgment. *Id.* at 526.

The last *Thayer* factor concerns whether denying a motion for default judgment would prejudice Ride Auto. The district court concluded that Ride Auto would not be prejudiced because respondents are not proper parties to the garnishment action, and that John Quevedo and Johnny's would be substantially prejudiced by being subject to the proceeding. The district court also cited Minn. Stat. § 571.79 (2014), which provides that garnishees "shall be discharged" when the garnishee discloses that it is "not indebted to the debtor or does not possess any money or other property belonging to the debtor that is attachable." The district court also stated that "[t]here is no evidence or facts that contradict the disclosure made by Johnny's [and t]here is not a relationship in this case that allows for garnishment of [John Quevedo and Johnny's]."

Ride Auto's primary argument on this factor is that respondents did not make an "affirmative showing" that Ride Auto would not be prejudiced by denial of the default judgment. But Ride Auto retains a valid judgment against Ibanez and can attempt to collect on the debt from Ibanez and other employers or creditors. Because the record supports that respondents were not proper parties, that Ibanez was willing to pay the debt himself, and that Ride Auto can pursue other proper garnishees, we conclude that the district court did not abuse its discretion in concluding the fourth factor was met.

We conclude that the district court did not abuse its discretion in denying Ride Auto's motion for default judgment and dismissing John Quevedo and Johnny's from the case.

**Affirmed.**

6