# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-1747

Ferdinand Leo Gams, Jr.,
Appellant,

vs.

Steven Ronald Houghton,
Respondent.

**Filed August 24, 2015**
**Reversed and remanded**
**Rodenberg, Judge**
**Concurring specially, Connolly, Judge**

St. Louis County District Court
File No. 69VI-CV-14-478

Kay Nord Hunt, Lommen Abdo, P.A., Minneapolis, Minnesota; and

Carver Richards, Honkanen Richards, S.C., Virginia, Minnesota (for appellant)

Jerome D. Feriancek, Ryan C. Stutzman, Thibodeau, Johnson & Feriancek, PLLP, Duluth, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Connolly, Judge; and Stauber, Judge.

## S Y L L A B U S

1. A party whose civil action is dismissed for failure to comply with the one-year filing requirement of Minn. R. Civ. P. 5.04(a) may seek relief from the resulting judgment under Minn. R. Civ. P. 60.02.

2. The rule-60.02 factors, as articulated in *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952), are not elements to be proved

in order for a party to be entitled to relief under Minn. R. Civ. P. 60.02, but are instead factors to be weighed by the district court in the circumstances of the individual case in determining whether to grant relief from a judgment or order.

## O P I N I O N

**RODENBERG**, Judge

Appellant's personal-injury action was dismissed pursuant to Minn. R. Civ. P. 5.04(a) because it was filed in district court more than one year after the action was commenced by service. The district court denied appellant's request for relief under Minn. R. Civ. P. 60.02, concluding that such relief from a judgment of dismissal under rule 5.04(a) is not available and, alternatively, that appellant failed to "prove all four elements" for rule-60.02 relief even if such relief were to be considered available. Because we conclude that rule 60.02 applies to judgments entered pursuant to rule 5.04(a) and that the district court erred in its alternative holding applying rule 60.02, we reverse and remand for the district court to evaluate whether relief should be granted.

## FACTS

On January 14, 2012, appellant Ferdinand Leo Gams, Jr., and respondent Steven Ronald Houghton were involved in a physical altercation at appellant's home. On March 22, 2013, appellant sued respondent by service of a summons and complaint, alleging negligence and assault and battery. Consistent with Minnesota's pocket-filing

rule,[1] appellant did not file his summons and complaint at the time that he commenced the action.

Respondent answered the complaint, and the parties actively litigated the case throughout the balance of 2013 and the first part of 2014. Discovery was exchanged, and the parties were deposed. In May 2014, counsel for the parties exchanged correspondence about the possibility of stipulating to damages in an effort to advance settlement efforts.

On July 15, 2014, after a period of no communication between counsel, respondent's counsel sent a letter to appellant's counsel advising that appellant did not appear to have filed the action in district court by July 1, 2014, and that, under the amendments to Minn. R. Civ. P. 5.04 that took effect on that date, appellant's complaint was deemed to be dismissed with prejudice. The letter from respondent's counsel apparently crossed in the mail with a letter from appellant's counsel, dated July 17, 2014, inquiring about the status of settlement efforts.

Appellant's counsel filed the summons and complaint on August 7, 2014. The district court issued an order dismissing the action pursuant to Minn. R. Civ. P. 5.04(a), and judgment was entered. Appellant's counsel then moved the district court to vacate the judgment.

---

[1] Minnesota's rule concerning commencement of a civil action provides that a "civil action is commenced . . . when the summons is served . . . ." Minn. R. Civ. P. 3.01(a). The practice of permitting a civil action to be commenced without filing any documents with the court has been referred to as "pocket filing." *See generally* Laura A. Moehrle & John A. Sullivan, *Rule 5.04: Does it Really Mean What It Says?*, Spring 2015, *MN Defense*, at 13.

The district court denied the motion to vacate. The district court held that "Minn. R. Civ. P. 60.02 does not apply to a Minn. R. Civ. P. 5.04 dismissal." The district court further stated, without analysis, "[t]hat even if Minn. R. Civ. P. 60.02 did apply in the instant case, [appellant] did not prove all four elements in analyzing whether to grant relief in vacating a dismissal with prejudice pursuant to Minn. R. Civ. P. 60.02."

This appeal followed.

## ISSUES

I.    When a judgment is entered pursuant to Minn. R. Civ. P. 5.04(a), may a party seek relief from that judgment under Minn. R. Civ. P. 60.02?

II.   Did the district court abuse its discretion by denying relief from judgment in this case?

## ANALYSIS

Civil actions in Minnesota are commenced by service. Minn. R. Civ. P. 3.01. Historically, the rules did not provide a deadline for filing an action in district court. By order dated February 12, 2013, the Minnesota Supreme Court amended Minn. R. Civ. P. 5.04, effective July 1, 2013, to provide that any non-family action not filed within one year of commencement "is deemed dismissed with prejudice against all parties unless the parties within that year sign a stipulation to extend the filing period." *Order Promulgating Corrective Amendments to Rules of Civil Procedure & General Rules of Practice Relating to Civil Justice Reform Task Force*, No. ADM10-8051 (Minn. Feb. 12, 2013). On May 8, 2013, the supreme court issued an order providing that, notwithstanding the July 1, 2013 effective date, "no action shall be involuntarily

4

dismissed pursuant to Minn. R. Civ. P. 5.04 until one year after the effective date."

*Order Relating to Civil Justice Reform Task Force, Authorizing Expedited Civil Litigation Track Pilot Project, & Adopting Amendments to Rules of Civil Procedure & General Rules of Practice*, No. ADM10-8051 (Minn. May 8, 2013). Accordingly, the amended rule 5.04 did not take full effect until July 1, 2014.

Appellant challenges the district court's conclusion that relief is not available under rule 60.02 when an action is dismissed pursuant to rule 5.04(a), and its alternative conclusion that appellant has not established entitlement to relief under rule 60.02, even if the rule is available. We address each argument in turn.[2]

**I.**

Appellant asserts that the district court erred by concluding that, when an action is dismissed and judgment is entered pursuant to rule 5.04(a), a party may not obtain relief under Minn. R. Civ. P. 60.02.[3] We review de novo the district court's interpretation of

---

[2] Appellant also challenges the constitutionality of rule 5.04(a). Because we conclude that the district court erred in applying rules 5.04(a) and 60.02, we do not reach appellant's constitutional arguments. *See In re Senty-Haugen,* 583 N.W.2d 266, 269 n.3 (Minn. 1998) ("It is well-settled law that courts should not reach constitutional issues if matters can be resolved otherwise."); *Charson v. Temple Israel*, 419 N.W.2d 488, 492-93 n.7 (Minn. 1988) (declining to reach due-process challenge to local rule providing for dismissal with prejudice because relief was granted under rule 60.02).

[3] Beyond his assertions that the plain language precludes relief, respondent asserts that relief cannot be available under rule 60.02 because rule 5.04(a) does not require entry of judgment. But there is no dispute that, in this case, judgment was entered. And we decline to address in this appeal a hypothetical case in which judgment is not entered. *See City of W. St. Paul v. Krengel*, 748 N.W.2d 333, 338 (Minn. App. 2008) (noting that "[a]ppellate courts decide only actual controversies and avoid advisory opinions") (quotation omitted), *aff'd*, 768 N.W.2d 352 (Minn. 2009).

rules of civil procedure. *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 601 (Minn. 2014). "When interpreting a rule, we look first to the plain language of the rule and its purpose." *Id.* "Where the language is plain and unambiguous, that plain language must be followed." *Id.*

The rules at issue here provide, in pertinent part:

> Any action that is not filed with the court within one year of commencement against any party is deemed dismissed with prejudice against all parties unless the parties within that year sign a stipulation to extend the filing period.

Minn. R. Civ. P. 5.04(a).

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from a final judgment (other than a marriage dissolution decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons []:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect[.]

Minn. R. Civ. P. 60.02.

Nothing in the plain language of either rule precludes a party from seeking relief under rule 60.02 from a judgment entered pursuant to rule 5.04(a). Moreover, rule 60.02 excludes one type of judgment: a marriage dissolution decree. The supreme court did not exclude judgments entered pursuant to rule 5.04(a) from the judgments from which rule 60.02 may provide relief. Accordingly, we conclude that rule 60.02 applies to a judgement entered under rule 5.04(a). *Cf.* 2A David F. Herr & Roger S. Haydock, *Minnesota Practice*, § 60.02 (5th ed.) ("Although motions to vacate judgments and orders

6

under Rule 60.02 arise most frequently in the context of default judgments, the rule applies to any order or judgment.").[4]

## II.

Appellant also challenges the district court's alternative denial of relief under Minn. R. Civ. P. 60.02, "even if [the rule] did apply." "Minnesota courts analyze motions seeking relief from orders and judgments under Minn. R. Civ. P. 60.02 by applying a four-factor test that was established in *Hinz* . . . ." *Northland Temporaries, Inc. v. Turpin*, 744 N.W.2d 398, 402 (Minn. App. 2008) *review denied* (Minn. Apr. 29, 2008); *see also Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964) (reaffirming the *Hinz* test). The test requires consideration of whether the movant has (1) a reasonable claim or defense on the merits; (2) a reasonable excuse for the neglect; (3) acted diligently after notice of entry of judgment; and (4) demonstrated that no prejudice will occur to the opposing party. *Northland Temporaries*, 744 N.W.2d at 402 (citing *Hinz*, 237 Minn. at 30, 53 N.W.2d at 456).

---

[4] Although not necessary to a plain-language analysis, we also note that our conclusion that rule 60.02 is available in this circumstance finds support in the report of the task force that recommended the amendments to rule 5.04. In reporting the rules subcommittee's recommendation for dismissal with prejudice as a consequence for failure to file a case within one year, the task force noted in a footnote that "Minn. R. Civ. P. 60 allows parties to seek relief from a dismissal order." *Recommendations of the Minnesota Supreme Court Civil Justice Reform Task Force*, No. ADM10-8051 at 23 n. 9. (Final Report Dec. 27, 2011). *See generally* Joe Muchlinski, Note, *Constraining Minnesota's Hip-Pocket Regime: Too Much or Not Enough? (or Both?) (or Neither?)*, 41 Wm. Mitchell L. Rev. 1556 (2015).

Importantly, a party seeking relief from a judgment need not categorically establish all four of the rule-60.02 factors.[5] *See Northland Temporaries*, 744 N.W.2d at 406 (noting that there is some inconsistent language in the caselaw but that there is "no solid authority for saying that the district court may only grant relief under rule 60.02 when *all* four factors have been fully met"). Rather, "case law . . . favors a balancing of all the factors." *Riemer v. Zahn*, 420 N.W.2d 659, 662 (Minn. App. 1988). "[T]he relative weakness of one factor should be balanced against the strong showing on the other three factors." *Guillaume & Assocs., Inc. v. Don-John Co.*, 371 N.W.2d 15, 19 (Minn. App. 1985). In particular, it may be appropriate to grant relief from a judgment when a party's weak excuse for neglect is "outweighed by a strong showing on the three remaining factors." *Riemer*, 420 N.W.2d at 662.

"The decision to vacate judgment under rule 60.02 rests within the district court's discretion and will not be reversed absent an abuse of that discretion." *Meyer v. Best W. Seville Plaza Hotel*, 562 N.W.2d 690, 694 (Minn. App. 1997) *review denied* (Minn. June 26, 1997). The district court's discretion in applying the rule, however, is not unlimited. *Northland Temporaries*, 744 N.W.2d at 402. In *Northland Temporaries,* we identified several limits on the district court's discretion. *Id.* at 406. First, a district court must grant a motion to reopen a judgment if a party establishes all four of the rule-60.02 factors. *Id.* at 402 (citing *Hinz*, 237 Minn. at 30, 53 N.W.2d at 455-56); *see also Finden*,

---

[5] Minnesota caselaw has referred to these factors as both *Hinz* factors and *Finden* factors, with relatively equal frequency. To avoid confusion resulting from the dual case-name references, we refer to them as the rule-60.02 factors.

268 Minn. 271-73, 128 N.W.2d at 750-51 (reaffirming the *Hinz* standard). Second, a district court may not grant a motion to reopen a judgment if the movant fails to demonstrate a reasonable claim or defense on the merits. *Northland Temporaries*, 744 N.W.2d at 402 (citing *Vrooman Floor Covering Inc. v. Dorsey*, 267 Minn. 318, 322, 126 N.W.2d 377, 380 (1964) and *Hengel v. Hyatt*, 312 Minn. 317, 319, 252 N.W.2d 105, 106 (1977)). Finally, we will reverse if the district court acts under a misapprehension of law or fact. *Northland Temporaries*, 744 N.W.2d at 402.

In this case, the district court held that appellant is not entitled to relief under rule 60.02 because he "did not *prove all four elements* . . . pursuant to Minn. R. Civ. P. 60.02." (Emphasis added.) This holding reflects a misapprehension of the rule. As explained, the rule-60.02 factors are factors to be considered, and not elements to be proved. The district court is required to consider and weigh those factors to determine whether relief from judgment is appropriate under the circumstances. Accordingly, we conclude that the district court abused its discretion by failing to properly consider and weigh the rule-60.02 factors.

Appellant asserts that all four rule-60.02 factors are satisfied and that we should therefore reverse and remand for the case to proceed on the merits. As noted, it is true that a district court has no discretion to deny a motion for relief from a judgment when all four rule-60.02 factors are established and favor reopening. *See Northland Temporaries*, 744 N.W.2d at 402 (citing *Hinz*, 237 Minn. at 30, 53 N.W.2d at 455-56); *see also Finden*, 268 Minn. 271-73, 128 N.W.2d at 750-51 (reaffirming the *Hinz* standard). But we

9

generally do not address issues on appeal that were not first addressed by the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). This is particularly true where, as here, there may be factual disputes. *Id.*; *see also Whitaker v. 3M Co.*, 764 N.W.2d 631, 640 (Minn. App. 2009) (stating that district court, and not this court, "must address and resolve [relevant] factual disputes"). Resolution of factual disputes is uniquely a district court function. *See Kucera v. Kucera*, 275 Minn. 252, 254, 146 N.W.2d 181, 183 (1966) ("It is not within the province of [appellate courts] to determine issues of fact on appeal."). And remand is the appropriate remedy when the district court has made insufficient findings to enable appellate review. *See, e.g.*, *Stich v. Stich*, 435 N.W.2d 52, 53 (Minn. 1989) (reversing and remanding where district court made insufficient findings to demonstrate proper consideration of statutory requirements for spousal maintenance). Moreover, even if not strictly required by the rules, it is the "preferred practice" for the district court to make findings to support the exercise of discretion. *See, e.g.*, *Contractors Edge, Inc. v. City of Mankato*, 863 N.W.2d 765, 769 (Minn. 2015) (stating that it is "a practice for the district court to provide a written explanation" for a certification decision, but failure to do so, by itself, was not an abuse of discretion).

In this case, respondent vigorously contests all four rule-60.02 factors, and it is not clear which, if any, of the factors the district court determined favor reopening. Neither can we determine how or if the district court weighed the rule-60.02 factors. Accordingly, we conclude that it is appropriate to reverse and remand for the district

court to properly apply the rule-60.02 factors. *See Northland Temporaries*, 744 N.W.2d at 407 (reversing and remanding for reevaluation of rule-60.02 factors); *see also Robb v. Norfolk & W. Ry.*, 122 F.3d 354, 362-63 (7th Cir. 1997) (remanding for reconsideration of motion to vacate under federal rules where district court erroneously concluded that it did not have authority to grant relief); *Sleek v. J.C. Penney Co.*, 292 F.2d 256, 258 (3d Cir. 1961) (same).

## D E C I S I O N

The district court erred by concluding that a party may not seek relief under Minn. R. Civ. P. 60.02 from a judgment entered pursuant to Minn. R. Civ. P. 5.04(a), and by holding that a party must "prove all four elements" under rule 60.02 in order to obtain relief from the judgment. We reverse and remand for the district court to evaluate whether relief from the judgment is appropriate under the circumstances of this case.

**Reversed and remanded.**

**CONNOLLY,** Judge (concurring specially)

I concur specially to emphasize that our decision is not in any way intended to modify or neutralize the requirement of Minn. R. Civ. P. 5.04 that an action be filed with the court within one year of its commencement by service. By extending the relief under Minn. R. 60.02 available to any other final judgment (except marriage-dissolution judgments) to dismissals for failure to timely file under Minn. R. Civ. P. 5.04, we do not imply that a dismissal under Minn. R. Civ. P. 5.04 is any less final than a dismissal under Minn. R. Civ. P. 12.02(e) (for failure to state a claim upon which relief can be granted) or under Minn. R. Civ. P. 41.02 (a) (for failure to prosecute or comply with the rules of civil procedure) and (b) (for failure to show a right to relief), or a judgment on the merits. At least one of the grounds entitling a party to relief under Minn. R. Civ. P. 60.02 must apply, and the motion for relief "shall be made within a reasonable time."

As our opinion indicates, the same weighing of the rule-60.02 factors required to obtain relief under that rule in other situations applies here, and the "preferred practice" is for the district court to make findings that reflect its consideration and weighing of those factors. *Cf. Contractors Edge, Inc. v. City of Mankato*, 863 N.W.2d 765, 769 (Minn. 2015). As the availability of relief under rule 60 does not neutralize the finality of other judgments, it does not neutralize the finality of rule-5.04 dismissals.